IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR
LEE COUNTY, FLORIDA                                                    CIVIL ACTION

REGINALD DICK,

    Plaintiff,

vs.                                                                             CASE NO.

ZAKHEIM & ASSOCIATES, P.A., a Florida           2:10-cv-310-FtM-36SPC
Professional Association,

    Defendant.
_____/

## COMPLAINT

Plaintiff REGINALD DICK ("Plaintiff"), sues Defendant ZAKHEIM & ASSOCIATES, P.A. a Florida Professional Association ("Defendant"), and alleges:

### I. GENERAL ALLEGATIONS

1. The Plaintiff brings this action for damages based upon the Defendant's violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq., as well as Florida's Consumer Collection Practices Act (FCCPA), Fla. Stat. § 559.55 et seq., and seeks actual damages, statutory damages, punitive damages, costs and attorney's fees

2. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation

### II. PARTIES

3. The Plaintiff is a natural person and consumer, a resident of Lee County, Florida, and a "consumer" as defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(2).

4. The Defendant is a Florida for Profit Corporation with its registered agent located in Plantation, Florida with the actions in this case taking place at Plaintiffs home location in Lee County

5. The Defendant is engaged in the collection of debts from consumers using the mail and telephone. The Defendants regularly attempt to collect consumer debts alleged to be due another and is a "debt collector" as provided in 15 U.S.C. § 1692a(6) and Fla. Stat. §


EXHIBIT A

559.55(6).

## III. JURISDICTION AND VENUE

6. This court has subject matter jurisdiction over this Complaint pursuant to FDCPA, 15 U.S.C. § 1692 et seq., and FCCPA, Fla. Stat. § 559.77. Venue in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and Fla. Stat. § 559.77.

## IV. STATUTORY STRUCTURE: FDCPA

7. The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuse. 15 U.S.C. § 1692.

8. Under the FDCPA, a "consumer" is any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. §1692a(3).

9. Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. § 1692a(5)

10. Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose for which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a(6).

11. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e

12. A debt collector may not violate the FDCPA, 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

13. Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages sustained, statutory damages up to $1,000.00, attorney's fees as determined by the Court and costs of this action. 15 U.S.C § 1692k.

## V. STATUTORY STRUCTURE: FCCPA

14. The Florida Consumer Collection Practices Act (FCCPA), Fla. Stat § 559.55 et seq. is an act to regulate the collection practices of certain persons; to provide for the powers and duties of certain state agencies; and to provide penalties and civil fines.

15. A "Debt Collector" means any person who uses any instrumentality of commerce within this state, whether initiated from within or outside this state, in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. The term "debt collector" includes any creditor who, in the process of collecting her or his own debts, uses any name other than her or his own which would indicate that a third person is collecting or attempting to collect such debts. Fla. Stat. § 559.55(6).

16. "Debtor" or "consumer" means any natural person obligated or allegedly obligated to pay any debt. Fla. Stat. § 559.55(2).

17. "Debt" or "consumer debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. Fla. Stat. § 559.55(1).

18. Prohibited acts by debt collectors or collection agencies under Fla. Stat. § 559.72, include:

> (7) Willfully communicat[ing] with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family;
>
> (18) Communicat[ing] with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within a reasonable

period of time to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication;

19. Under Fla. Stat. §§ 559.77(1) and (2), a person who suffers injury, loss, or damage, or from whom money was collected by the use of a method, act, or practice in violation of this act may bring an action for actual damages and for additional statutory damages of up to $1,000.00, together with court costs and reasonable attorney's fees incurred by the Plaintiff.

## VI. FACTUAL ALLEGATIONS

20. At all times relevant to this matter, Plaintiff was an individual residing within Lee County, in the State of Florida.

21. At all times relevant to this matter, Defendant conducted business within Lee County, in the State of Florida.

22. Sometime before November 1, 2009, Plaintiff is alleged to have incurred certain financial obligations.

23. These alleged financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 18 U.S.C. §1692a(5)

24. These alleged obligations were obligations or alleged obligations of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes and are therefore a "debt" as that term is defined by Fla. Stat. § 559.55(1).

25. Sometime thereafter, but before November 1, 2009, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to the validity of this alleged debt.

26. Subsequently, but before November 1, 2009, the alleged debt was assigned, placed, or otherwise transferred to Defendant for collection.

27. On or about November 1, 2009, Defendant mailed a dunning letter to Plaintiff. A few days later, Plaintiff received that letter.

28. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a)

29. This communication was a "communication" as that term is defined by Fla. Stat. § 559.55(1).

30. On or about February 18, 2010, Plaintiff's counsel sent to Defendant a letter in which Plaintiff's counsel advised Defendant that Plaintiff was represented by the undersigned, and that Plaintiff wished Defendant to cease further communication with the Plaintiff in a manner consistent with the requirements pursuant to 15 U.S.C. § 1692c(c).

31. On or about February 22, 2010, Defendant received the aforementioned letter in a manner consistent with the requirements pursuant to 15 U.S.C. § 1692c(c).

32. On or about March 2, 2010, at 3:27 PM, Defendant telephoned Plaintiff at home in an attempt to collect the alleged debt after Defendant was notified in writing that Defendant was to cease further communication with the Plaintiff in a manner consistent with the requirements in 15 U.S.C § 1692c(c). Consequently, Defendant violated 15 U.S.C. § 1692c(c).

33. Moreover, because, at the time of this phone call, the Defendant knew that the Plaintiff was represented by Counsel, and said counsel had instructed Defendant to cease further communication with Plaintiff, the aformentioned telephone call violated Fla. Stat. § 559.72(18).

34. On or about March 2, 2010, at 3:55 PM, Defendant telephoned Plaintiff on his cellular telephone in an attempt to collect the alleged debt after Defendant was notified in writing that Defendant was to cease further communication with the Plaintiff in a manner consistent with the requirements in 15 U.S.C. § 1692c(c). Consequently, Defendant violated 15 U.S.C. § 1692c(c).

35. Moreover, because, at the time of this phone call, the Defendant knew that the Plaintiff was represented by Counsel, and said counsel had instructed Defendant to cease further communication with Plaintiff, the aformentioned telephone call violated Fla. Stat § 559.72(18).

36. As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks his attorney fees and costs under the FDCPA and FCCPA.

## VII. COUNT I: VIOLATION OF THE FDCPA

37. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs of this complaint.

38. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

39. These acts were wrongful and predatory acts by the Defendant, and were intentional and deceptive.

40. As a result of each and every violation of the FDCPA, Plaintiff is entitled to an award of any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

41. As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks his attorney fees and costs under the FDCPA.

42. As a result of Defendant's wrongful conduct, Plaintiff has been forced to hire the undersigned, and has agreed to pay a reasonable fee.

## VII. COUNT II: VIOLATION OF THE FCCPA

43. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphss of this complaint

44. The foregoing acts and omissions constitute numerous and multiple violations of the FCCPA, including but not limited to each and every one of the above- cited provisions of the FCCPA, Fla Stat § 559.55 et seq.

45. These acts were wrongful and predatory acts by the Defendant, and were intentional and deceptive.

46. Pursuant to Fla. Stat. § 559.77, as a result of each and every violation of the FCCPA, Plaintiff is entitled to an award of any actual damages, statutory damages in an amount up to $1,000.00, and reasonable attorney's fees and costs.

47. As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks his attorney fees and costs under the FCCPA.

48. As a result of Defendant's wrongful conduct, Plaintiff has been forced to hire the undersigned, and has agreed to pay a reasonable fee.

## VIII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court grants the following relief against the Defendant:

1. An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
2. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
3. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
4. An award of actual damages pursuant to Fla. Stat. § 559.77(2);
5. An award of statutory damages of $1,000.00 pursuant to Fla. Stat. § 559.77(2);
6. An award of costs of litigation and reasonable attorney's fees, pursuant to Fla. Stat. § 559.77(2);
7. An award of punitive damages pursuant to Fla. Stat. § 559.77(2); and
8. Such other and further relief as the Court may deem just and proper.

## IX. JURY TRIAL DEMAND

Plaintiff demands a Trial by Jury on all issues.

_____
REX POWELL, Esquire
Florida Bar No. 041932
Burandt, Adamski, Grossman & Powell, PL
Attorneys for Plaintiff
1714 Cape Coral Parkway East
Cape Coral, Florida 33904
(239) 542-4733 (telephone)
(239) 542-5203 (facsimile)